UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CRAIG DURANT, | ) | |
| | ) | Case No.: 1:20-cv-00942 |
| Plaintiff, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | |
| INVESTINET, LLC, | ) | COMPLAINT |
| | ) | JURY DEMAND ENDORSED HEREON |
| Defendant. | ) | |

Plaintiff, Craig Durant, for his Complaint against InvestiNet, LLC ("Defendant"), states:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), stemming from Defendant's unlawful debt collection practices as described in this Complaint, *infra*.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant conducts business in the Southern District of Ohio and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Southern District of Ohio.

PARTIES

4. Plaintiff, Craig Durant ("Durant"), is a natural adult person residing in Cincinnati, Ohio, and is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

5. Defendant, InvestiNet, LLC, is a South Carolina limited liability company in the business of collecting consumer debts on behalf of others within the State of Ohio and throughout the United States.

6. Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

7. In corresponding with consumers, including within the dunning letter at issue in this lawsuit, Defendant identifies itself as a "debt collector."

8. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

FACTS SUPPORTING CAUSES OF ACTION

9. On or around September 18, 2020, Defendant mailed a written dunning correspondence to Durant attempting to collect a consumer credit card debt incurred originally to Credit One Bank, N.A. (subsequently purchased by LVNV Funding LLC) in the amount of $863.81 (the "Debt"). A copy of the correspondence is attached to this Complaint as Exhibit A (the "Collection Letter").

10. In the Collection Letter, Defendant identified itself to Durant as a "debt collector" attempting to collect a "debt." *See* Exhibit A.

11. The Collection Letter stated, in relevant part:

> "As of the date of this letter, you owe $863.81. Because of interest, the amount due on the day you pay may be greater. If you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection."

*See* Exhibit A.

12. Upon information and belief, Defendant was not lawfully entitled or authorized to collect any interest in addition to the $863.81 balance alleged to be owed in the Collection Letter. To the

extent Defendant was lawfully entitled or authorized to collect interest in connection with the Debt, it never intended to do so.

13. Defendant's statement and/or implication that Durant owed "interest" that may vary from day to day – as reflected within the Collection Letter and recited in paragraph 11, *supra* – constituted a false, deceptive and/or misleading representation to the extent it stated and/or implied that Defendant could lawfully collect interest in connection with the Debt when, in actuality, it could not.

14. Defendant's representations directed to Durant in the Collection Letter – as recited in paragraph 11, *supra* – were false, deceptive and/or misleading to the extent they were intended to create a false sense of urgency in Durant that he must act quickly to pay the Debt to avoid any further assessment of interest.

15. Defendant's representations directed to Durant in the Collection Letter – as recited in paragraph 11, *supra* – were false, deceptive and/or misleading to the extent they threatened a material action against Durant (*i.e.*, the assessing and/or charging of interest in connection with the Debt) that Defendant could not lawfully take and/or never intended to take.

16. After a reasonable time to conduct discovery, Durant believes he can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

17. Durant was confused and misled by the Collection Letter.

18. Durant justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted economic harm.

19. Due to Defendant's conduct, Durant was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

20. Due to Defendant's conduct, Durant is entitled to statutory damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this Complaint, *supra*.

## GROUNDS FOR RELIEF

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), f and f(1)*

21. All prior paragraphs are incorporated into this count by reference.

22. The FDCPA states, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §§ 1692e, e(2)(A), e(5) and e(10).

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. §§ 1692f and f(1).

23. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), f and f(1) in representing and/or implying within the Collection Letter that Plaintiff would be charged further interest. Upon information and belief, Defendant's charging of interest in connection with the Debt was not lawfully authorized – per contract, statute or otherwise – and, therefore, Defendant was not legally entitled to collect such interest from Plaintiff. For Defendant to state and/or imply otherwise

constituted a false, deceptive and/or misleading representation, and an unfair means of collection, as Defendant stated and/or implied that it could lawfully continue to collect interest if the Debt was not paid promptly.

24. Defendant violated 15 U.S.C. §§ 1692e, e(5), e(10) and f in threatening within the Collection Letter to take a material action against Plaintiff in connection with the Debt (*i.e.*, assessing and/or charging interest) that Defendant never intended to take. Defendant's threat of taking a material action vis-à-vis Plaintiff that it never intended to take, constituted a false, deceptive and/or misleading representation, and an unfair means of collection.

25. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A) and e(10) in representing and/or implying within the Collection Letter that the amount of the Debt may vary from day to day, that the amount of the Debt "may be greater" when paid, and that "an adjustment may be necessary after we receive your payment." *See* Exhibit A. Such representations were extremely confusing, added a false sense of urgency to Defendant's dunning communication, and did not accurately reflect the true character and amount of the Debt.

26. As an experienced debt collector, Defendant knows that its representations to consumers concerning the status of any alleged debt owed, and the amount a debt collector is legally entitled to collect, are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

27. As Plaintiff had no prior contractual relationship or dealings with Defendant whatsoever prior to his receipt of the Collection Letter, Plaintiff was justifiably confused and skeptical of the Collection Letter in relation to the character and status of the alleged Debt, and the amount of money Defendant was lawfully entitled to collect from him.

28. As set forth further in paragraphs 17 through 20, *supra*, Plaintiff has suffered a concrete harm and injury as a result of Defendant's unlawful collection practices outlined in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Craig Durant, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

B. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

C. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

D. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 19th day of November, 2020.    Respectfully Submitted,

    */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Attorneys for Plaintiff, Craig Durant*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

    */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC